[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FOR CLARIFICATION
The Defendant, M. William Grossman, respectfully moves for a clarification of the Memorandum of Decision issued by the Honorable Judge Romeo Petroni on or about April 17, 1995 for the following reasons:
(1). On or about January 3, 1995, pursuant to the Plaintiffs emotion for the disclosure of assets and the Defendants objection thereto, the Court (Petroni, J.) granted the Plaintiff's motion after, argument by counsel, ordering Defendants Fairchild Finance, Charles Lemieux and M. William Grossman (whom are all of the Defendants in this action) to disclose assets.
(2). On or about January 10, 1995, Defendants Fairchild Finance and Charles Lemieux filed a motion to reargue the granting of the Plaintiff's Motion for disclosure contending that the Court misinterpreted C.G.S. Section 52-278n when it ruled that the defendants (and all of them) had waived their right to a hearing on the matter by allegedly signing a commercial waiver to the prejudgment remedy statute. CT Page 6606
ORAL ARGUMENT REQUESTED/TESTIMONY NOT REQUIRED
(3). On April 4, 1995, the Court (Petroni, j.) heard argument on the Motion to Reargue. Appearing during the argument of this motion was Bruce Elstein, Esq. for the Plaintiffs, Neil Lippman, Esq. of Pullman Comley for Defendants Fairchild and Lemieux, and Mark Stern, Esq. for Defendant Grossman. Although the Motion was filed by Fairchild and Lemieux, Attorney Mark Stern, representing Defendant Grossman was present during the argument of the Motion and presented a major portion of the argument on behalf of the Defendants in favor of the Motion for Reargument.[1]
(4). On April 17, 1995, the Court (Petroni, j.) issued a Memorandum of Decision on the motion to reargue. In his decision, Judge Petroni held that: "A commercial waiver filed pursuant to Section 52-278f does not necessarily include a waiver of a right to a hearing concerning the disclosure of assets pursuant to Section 52-278n. . . . The court grants the motion to reargue and orders an evidentiary hearing to be held on whether the plaintiffs are entitled to disclosure of the defendant assets." (emphasis added)
(5). An issue has now arisen pursuant to the Plaintiff's motion to default Defendant Grossman for failing to disclose assets, as to whether Judge Petroni's Memorandum of Decision also included Defendant Grossman when the court ordered that an evidentiary hearing be held as to whether the plaintiff's are entitled to disclosure of defendants assets.
(6). Plaintiff's Motion for Default was granted on default, and this issue has now arisen on a subsequent motion to reargue which was heard by Judge Hauser on May 30, 1995, with regards to the motion for default against defendant Grossman.
(7). Defendant Grossman argued before Judge Hauser that Judge Petroni's Memorandum of Decision ordering an evidentiary hearing as to whether Plaintiff's are entitled to disclosure of defendant assets, was to also include Grossman since he actively participated in the matters concerning disclosure, therefore rendering the Motion for Default improper.
(8). The Plaintiffs argued that said Memorandum of Decision was not to include or pertain to Defendant Grossman since he CT Page 6607 did not file his own separate motion to reargue, irrespective of the fact that Defendant Grossman participated in the Motion for Reargument before Judge Petroni, and therefore he should be ordered to disclose assets.
(9). Judge Hauser has ordered the parties to clarify this issue with Judge Petroni on or before Friday, June 2, 1995, so that he can then proceed with the Plaintiff's Motion for Default and Defendants Motion for Reargument thereto.
(10). WHEREFORE, it is respectfully requested that Judge Petroni clarify his Memorandum of Decision on the Motion to Reargue, dated April 17, 1995, as to whether said decision was to also apply to Defendant Grossman in this matter.
THE DEFENDANT M. WILLIAM GROSSMAN
By: _____________________ Christopher Lagano, Esq. Stern Miller 30 Oak Street Stamford, CT. 06905 (203) 969-1122 Juris No. 403800
PETRONI, J.